PER CURIAM.
For the reasons set out by the State in its response to our order to show cause, we find that the petition for writ of certiorari in this case is procedurally barred and, in any event, would fail on the merits. On the merits, petitioner cannot show that his license suspension was a direct result of his plea in 1991. See State v. Bolware, 28 Fla. L. Weekly D2493, — So.2d -, 2003 WL 22460271 (Fla. 1st DCA Oct.31, 2003). Procedurally, petitioner knew within three months after his plea that he would suffer an administrative suspension. His actions show conclusively that he accepted that suspension and sought a hardship license after five years, as then permitted by law. He did not file the present motion to set aside his plea until 2002. This proceeding is thus barred, whether viewed as a motion to set aside a plea under Florida Rule of Criminal Procedure 3.170(£) or a motion for relief under Florida Rule of Criminal Procedure 3.850.
DENIED.
ERVIN, BARFIELD, and KAHN, JJ., concur.